UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN T. PICKERING-GEORGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 07-1303 RJL |
| DRUG ENFORCEMENT ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**DEFENDANT'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendant, The United States Department of Justice, on behalf of its sub-component the Drug Enforcement Administration(DEA), pursuant to Fed. R. Civ. P. 56, moves for summary judgment because there are no material facts in dispute in this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended, and defendant is entitled to judgment as a matter of law.  In support of this motion, defendant respectfully refers the Court to the attached Memorandum of Points and Authorities and defendant's statement of material facts as to which there are no genuine issues.

Plaintiff should take notice that any factual assertions contained in the accompanying affidavit and other attachments in support of defendant's motion will be accepted by the Court as true unless the plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in defendant's attachments.  See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992), Local Rule 7 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in

evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

        Respectfully Submitted,

        /s/

        JEFFREY A. TAYLOR, D.C. BAR # 498610
        United States Attorney

        /s/

        RUDOLPH CONTRERAS, D.C. BAR # 434122
        Assistant United States Attorney

        /s/

        BENTON G. PETERSON,  Bar #1029849
        Assistant United States Attorney
        Judiciary Center Building
        555 4th Street, N.W. Civil Division
        Washington, D.C.  20530
        (202) 514-7238 514-8780 (Facsimile)
        Benton.Peterson@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN T. PICKERING-GEORGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 07-1303 RJL |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT

INTRODUCTION

This case arises under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and pertains to the alleged request of Plaintiff for records from the Drug Enforcement Administration(DEA). As evidenced by the attached declaration of Leila Wassom, in spite of the lack of any evidence that plaintiff filed a request, a reasonable search of DEA records has found no responsive documents. Summary judgment should be granted on behalf of DEA.

Factual Background

The factual and procedural background is fully contained in the statement of material facts to which there is no genuine issue, attached and fully incorporated herein.

ARGUMENT

I.    **Defendants Are Entitled to Summary Judgment**

    A.    **Standard for Summary Judgment**

In a FOIA action, summary judgment is appropriate when, as here, the pleadings, together

with the declarations, demonstrate that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. Fed. R Civ. P. 56(c); Weisberg v. Department of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980). The Court exercises de novo review over FOIA matters, and the burden is on the agency to justify all non-disclosures. 5 U.S.C. § 552(a)(4)(B); Department of Justice v. Reporters Comm. For Freedom of the Press, 489 U.S. 749, 755 (1989). In carrying its burden, agencies may rely on declarations of government officials which courts normally accord a presumption of expertise in FOIA as long as the declarations are sufficiently clear and detailed and submitted in good faith. Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C. Cir. 1990); see Hayden v. National Security Agency, 608 F.2d 1381, 1387 (D.C. Cir. 1979). Once the Court determines that the declarations are sufficient, it need not inquire further. Students Against Genocide v. Department of State, 257 F.3d 828, 833 (D.C. Cir. 2001) (In FOIA cases, an agency "is entitled to summary judgment if no material facts are in dispute and if it demonstrates 'that each document that falls within the class requested either has been produced . . . or is wholly exempt from the Act's inspection requirements'.") (quoting Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978)); see also, Burns v. CIA, No. 05-242, U.S. Dist LEXIS 20114 at *2-7 (D.D.C. Sept. 14, 2005) (a copy of the opinion is attached hereto). A court "may award summary judgment [in a FOIA case] solely on the basis of information provided by the department or agency affidavits or declarations." Burns v. CIA, 2005 U.S. Dist LEXIS 20114; see also, Hayden, 608 F.2d at 1386-87.

    Here, summary judgment should be entered in favor of DEA. A reasonable and adequate search was conducted producing no responsive records. The declaration of Leila Wassom contains reasonable specificity of detail regarding DEA's search.

**B.     Plaintiff Failed To Make an Initial Request or Exhaust His Administrative Remedies**.

As a threshhold matter, there is no evidence that plaintiff has filed an initial FOIA Request with DEA, nor is there any evidence that he utilized any administrative option before filing the instant action.

FOIA requesters may not attempt to "leapfrog" over the substantive steps in the administrative process without first exhausting all administrative remedies. Tuchinsky v. Selective Serv. System, 418 F.2d 155, 158 (7th Cir. 1969). Indeed, where a FOIA plaintiff attempts to obtain judicial review without first properly undertaking full administrative exhaustion, his lawsuit is subject to ready dismissal for lack of subject matter jurisdiction. See, e.g., Dettmann v. Department of Justice, 802 F.2d 1472, 1477 (D.C.Cir.1986); Hymen v. Merit Sys. Protection Bd., 799 F.2d 1421, 1423 (9th Cir. 1986); Brumley v. Dept.of Labor, 767 F.2d 444, 445 (8th Cir. 1985).

The DEA has confirmed that OIP has no record of receiving an administrative appeal for his request. Therefore, plaintiff has failed to exhaust the administrative remedies available to him prior to filing this Complaint. As explained by Leila Wassom, Paralegal Specialist, Office of the Chief Counsel, Drug Enforcement Administration, Washington D.C., a reasonable, diligent, and adequate search was conducted to determine if plaintiff had ever made a FOIA request to defendant or filed an appeal. An adequate search of DEA's computer system was carried out by DEA. Wassom Decl. ¶¶ 12-13. This search was conducted in good faith and was reasonably calculated to uncover any indication that would reveal whether plaintiff filed a request or an appeal. Wassom Decl. ¶¶ 9-13.

## CONCLUSION

For the foregoing reasons, specifically because DEA conducted an adequate search, it respectfully requests that its motion for summary judgment be granted.

Respectfully submitted,

/s/

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/

BENTON G. PETERSON, Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that the foregoing Motion for Summary Judgment was served upon Plaintiff *Pro se* by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

JOHN T. PICKERING-GEORGE
2726 Decatur Avenue
Apartment 3
Bronx, NY 10458
PRO SE

on this 15th day of November 2007

/s/
_____
BENTON G. PETERSON
Assistant United States Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOHN T. PICKERING-GEORGE,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>) Civil Action No. 07-1303 RJL<br>**DRUG ENFORCEMENT ADMINISTRATION,** )<br>)<br>Defendant. )<br>) | |

**STATEMENT OF MATERIAL FACTS AS TO WHICH**
**THERE IS NO GENUINE ISSUE**

Pursuant to Local Rule 7(h), the defendant hereby submits the following material facts as to which there is no genuine dispute:

1. "SARO" is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and the Privacy Act (PA). Declaration of Leila Wassom (Wassom Decl.) at ¶ 6.

2. SARO uses a computer based system, called EFOIA, to track FOI/PA requests received by DEA. Wassom Decl. at ¶7. For each request received, DEA enters into the EFOIA database the name of requester, the assigned request number, the requester's date of birth and social security number. Each request received is entered into the system once it is reviewed. Id.

3. Information about a request, including the DEA FOIA case number, is retrieved by entering the name of requester. Wassom Decl. at ¶8. When the name of the requester is entered, the result will be a positive or negative response from the system. Id. at ¶8.

4.  When there is a positive response, the system will list all DEA FOIA request numbers that relate to the requester in the *Matching Cases* box. Id. at ¶9. If the case has been appealed to the Department of Justice, Office of Information and Privacy, an "X" will appear by the *Appeal Opened* date box. Id. When there is a negative response, no information will appear. Id.

5.  On or about August 23, 2007, SARO was informed of the instant litigation and plaintiff's allegations. Wassom Decl. at ¶ 4. Plaintiff apparently sought "Special Instructions" related to the dispensing of controlled substances. See Complaint at 2; see also Declaration of Leila Wassom (Wassom Decl.) at ¶ 5.

6.  Based on the allegations of the complaint, SARO conducted a search of the EFOIA database on August 24, 2007. Id. at ¶ 12. Plaintiff's first and last name were submitted in the designated name field. Id. The database found no matching requests received from the plaintiff. Id.

7.  On October 10, 2007, SARO contacted the Department of Justice, Office of Information and Privacy (OIP) and inquired whether OIP had received any FOIA appeals from the plaintiff regarding DEA. Wassom Decl. at ¶ 13. The OIP response was negative. Id. Thus, DEA has no record of receipt of a FOIA request from the plaintiff. Id. at ¶ 14.

Respectfully submitted,

/s/
_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/
_____
RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

/s/
_____
BENTON G. PETERSON, Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
Benton.Peterson@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN T. PICKERING-GEORGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 07-1303 RJL |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# DECLARATION OF LEILA I. WASSOM

1. I am a Drug Enforcement Administration (DEA) Paralegal Specialist, currently assigned to the Office of Chief Counsel, Administrative Law Section (CCA), DEA Headquarters, Washington, D.C. From August 1991 to June 2005, I was assigned to the Freedom of Information and Records Management Section, DEA Headquarters.

2. I review for litigation purposes both the initially processed and appealed Freedom of Information Act (FOIA) and Privacy Act (PA) requests received by DEA. I have performed these duties at DEA since 1991.

3. My duties require that I am familiar with the policies and practices of DEA regarding the processing of requests and release of information requested under the FOIA/PA, and the application of the FOIA/PA and exemptions, for which I have received formal and on the job training.

4. In preparing this declaration, I have read and am familiar with the complaint, received by CCA on August 23, 2007, in the above entitled action.

## NO RECORD OF RECEIPT OF A REQUEST FROM THE PLAINTIFF

5. It is my understanding that the plaintiff complains that DEA failed to respond to his FOIA request for "Special Instructions" related to the dispensing of controlled substances.

6. The DOJ Agency Rules, 28 C.F.R. § 16.3(a), provide, in part, that a FOIA request "should be sent to the component's central FOIA office at the address listed in appendix I of part 16," or "to the FOIA/PA Mail Referral Unit" of the Department of Justice, if the requester cannot determine where in DOJ to send the request.

7. Appendix I, cited in 28 C.F.R. § 16.3(a), identifies the appropriate address for DEA FOIA requests as "Drug Enforcement Administration, U.S. Department of Justice, Washington, D.C. 20537-0001." The address is the one at which the DEA Freedom of Information Operations Unit (SARO) receives mail.

8. The Freedom of Information Operations Unit is the DEA office responsible for responding to, the search for, and the processing and release of information requested under FOIA and PA. I am familiar with the policies, practices and procedures employed by the Freedom of Information

Operations Unit that relate to the processing of a FOI/PA request, and the search for and release of information responsive to FOI/PA requests received by the DEA.

9. The Freedom of Information Operations Unit uses a computer based system, called EFOIA, to track FOI/PA requests received by DEA. When a request is received, DEA enters into the EFOIA database the name of requester, the assigned request number, the requester's date of birth and social security number. Each request received is entered into the system once it is reviewed.

10. Information about a request, including the DEA FOIA case number, is retrieved by entering the name of requester. When the name of the requester is entered, the result will be a positive or negative response from the system.

11. When there is a positive response, the system will list all DEA FOIA request numbers that relate to the requester in the *Matching Cases* box. If the case has been appealed to the Department of Justice, Office of Information and Privacy, an "X" will appear by the *Appeal Opened* date box. When there is a negative response, no information will appear.

12. I conducted a search of the EFOIA database on August 24, 2007. I entered the plaintiff's first and last name "John Pickering-George" in the designated name field. The database found no matching requests received from the plaintiff.

13. On October 10, 2007, I contacted the Department of Justice, Office of Information and Privacy (OIP) and inquired whether OIP had received any FOIA appeals from the plaintiff regarding DEA. The OIP response was negative.

14. Thus, DEA has no record of receipt of a FOIA request from the plaintiff.

15. The subject of this declaration and the statements set forth herein are true and correct either on the basis of my personal knowledge or on the basis of information acquired by me through the performance of my official duties.

I declare under the penalty of perjury that the foregoing is true and correct.

11-14-07
DATE

Leila I. Wassom
Paralegal Specialist
Office of Chief Counsel
Drug Enforcement Administration
Washington, D.C. 20537