IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN T. PICKERING-GEORGE, | ) |
| | ) |
| Pro Se Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 07-1303 RJL |
| DRUG ENFORCEMENT ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO ITS MOTION FOR SUMMARY JUDGMENT**

Defendant, The United States Department of Justice, on behalf of its sub-component the Drug Enforcement Administration(DEA) by and through counsel, replies to Plaintiff's Opposition to Defendant's Motion For Summary Judgment ("Pl. Opposition"). Plaintiff has raised no legally sufficient challenge to the grounds for summary judgment or for dismissal of this action. Rather, plaintiff asserts that summary judgment for Defendant is improper because Plaintiff asserts that he is entitled to attorney's fees, Pl. Opposition at pp.6-7, 10; that Defendant's assertion that there is no receipt of his FOIA request is "without merit," Pl. Opposition at p.6; and that he apparently is entitled to discovery Pl. Opposition at pp.8-9. None of these issues address the arguments raised in Defendant's dispositive motion.

In opposing Defendant's dispositive motion, plaintiff fails to offer any evidence to challenge the assertions made in Defendant's dispositive motion. See generally Pl. Opposition. Thus, without more, plaintiff's opposition fails to present any genuine material issue of fact that is in dispute and as such, provides no rebuttal to Defendant's grounds for dismissal.

This Court has held that "a motion for summary judgment adequately underpinned is not defeated simply by bare opinion or an unaided claim that a factual controversy persists." Judicial Watch, Inc. v. HHS, 27 F. Supp. 2d 240, 243-44 (D.D.C. 1998) (explaining that plaintiff's "bare suspicion" will not call into question adequacy of agency's search).  For example, of course, an agency's failure to respond to a FOIA request in a timely manner does not, by itself, justify denial of summary judgment.[1]  Moreover, summary judgment will not be defeated by unsupported claims that an agency is withholding information. Steinberg v. United States Dep't of Justice, 179 F.R.D. 357, 360 (D.D.C. Apr. 28, 1998) (finding summary judgment not defeated "with pure conjecture about the possible content of withheld information, raising 'some metaphysical doubt as to the material facts.'" (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)).

In the instant case, Plaintiff fails to address any challenge to his complaint.  This type of response does not address any material issues in Defendant's motions for summary judgment. He makes conclusive statements to rebuff the arguments challenging his complaint.  Mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Rowland v. Riley, 5 F. Supp.2d 1, 3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997).  Likewise, an affidavit which merely recites

---

[1] Swan View Coalition v. USDA, 39 F. Supp. 2d 42, 47 (D.D.C. 1999) (refusing to grant declaratory relief where agency's failure to timely respond was "an aberration").

conclusory allegations will not defeat summary judgment.  See Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.")  Plaintiff does not dispute any of the relevant material facts concerning the agency's FOIA search.

The FOIA confers jurisdiction upon the District Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency.  5 U.S.C. § 552(a)(4)(B).  The courts have interpreted this section of the statute to mean that jurisdiction only exists upon a showing by the plaintiff that the defendant (1) improperly (2) withheld (3) agency records.  See Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980).

"The plaintiff must show that the agency 'contravened all three components of this obligation' in order for jurisdiction to be valid." Kuffel v. U.S. Bureau of Prisons, 882 F.Supp. 1116, 1120 (D.D.C. 1995) (citing Kissinger, 445 U.S. at 151.)  Absent such a showing, FOIA confers no "judicial authority to devise remedies and enjoin agencies." Defendant has proved that it conducted an adequate search and that no responsive documents were found. Therefore the defendant's motion for summary judgement should be granted.

To the extent that Plaintiff now asserts that he needs discovery in this matter to respond to the Defendant's dispositive motion, this request must be denied. In this Court, "discovery is to be sparingly granted in FOIA actions."  Public Citizen Health Research Group v. Food and Drug Administration, 997 F. Supp. 56, 72 (D.D.C. 1998); Code v. FBI, 1997 WL 150070 at * 8 (D.D.C. March 26, 1997) (noting that discovery "is not often part of the litigation process in

FOIA actions"); see also Katzman v. Freeh, 926 F.Supp. 316, 319 (E.D.N.Y. 1996) ("discovery in a FOIA action is extremely limited"). Here, the Plaintiff provides no reason to conduct discovery. Thus, Plaintiff's unsupported request for discovery should be denied.

Wherefore, it is respectfully requested that the Court find in favor of defendant.[2]

Respectfully submitted,

JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar # 434122
Assistant United States Attorney

_____/s_____
BENTON PETERSON
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C.  20530
(202) 514-7238

Counsel for Defendant

---

[2] Moreover, plaintiff is not entitled to attorney's fees because, inter alia, he is not a prevailing party, and, as a pro se plaintiff, he is not entitled to fees. See 5 U.S.C. § 552(a)(4)(E); Oil, Chemical & Atomic Workers International Union, AFL-CIO v. Dep't of Energy, 288 F.3d 452 (D.C. Cir. 2002); Benavides v. Bureau of Prisons, 993 F.2d 257, 258-59 (D.C.Cir.1993).

## CERTIFICATE OF SERVICE

I hereby certify that on this _11th day of January, 2008 a copy of the foregoing Reply was served by first class United States mail, postage prepaid, to:

JOHN T. PICKERING-GEORGE
2726 Decatur Avenue
Apartment 3
Bronx, NY 10458
Pro Se

                                              ___/s_____
                                              Benton Peterson
                                              Assistant United States Attorney