UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
MAY 1 9 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JOHN T. PICKERING-GEORGE, )
)
    Plaintiff, )
)
v. ) Civil Action No. 07-1303 (RJL)
)
REGISTRATION UNIT, DEA/DOJ *et al.*, )
)
    Defendants. )

MEMORANDUM OPINION
May 13, 2008

In this civil action brought *pro se*, plaintiff sues the "Registration Unit" of the Department of Justice's Drug Enforcement Administration ("DEA") for allegedly violating his rights under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Constitution. He seeks $75,000 in monetary damages. Defendant DOJ moves for summary judgment pursuant to Federal Rule of Civil Procedure 56. Upon consideration of the parties' submissions and the entire record, the Court GRANTS defendant's motion.

Plaintiff alleges that DEA did not respond to his FOIA request for "'Special Instruction' in regards to 'dispense' to deliver a controlled substance to an ultimate user. . . ." Compl. at 2. Because the FOIA's "comprehensive scheme" provides the exclusive remedy of an injunction for claims arising from the withholding of agency records, *Johnson v. Executive Office for U.S. Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002), plaintiff may not recover monetary damages and

he states no claim upon which relief may be granted for the separately alleged constitutional violations.[1]

## I. LEGAL STANDARD

Summary judgment is appropriate when "the pleadings . . . and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In a FOIA action, the Court may award summary judgment to an agency solely on the basis of information provided in declarations when they describe "the justifications for nondisclosure with reasonably specific detail . . . and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). Because agency declarations are accorded "a presumption of good faith," *Long v. U.S. Dep't of Justice*, 450 F. Supp.2d 42, 54 (D.D.C. 2006), it is incumbent upon the plaintiff to "point to evidence sufficient to put the Agency's good faith into doubt." *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981).

The Court's jurisdiction under the FOIA depends on the improper withholding of agency records. 5 U.S.C. § 552(a)(4)(B); *McGehee v. CIA*, 697 F.2d 1095, 1105 (D.C. Cir. 1983). An agency's obligation to disclose records is not triggered, however, until a proper request has been

---

[1] In a submission docketed as a motion to amend the pleadings, plaintiff appears to seek mandamus relief and, or in the form of, attorney's fees. *See* Dkt. No. 13 at 6. The exclusive nature of the FOIA precludes mandamus relief. Besides, *pro se* litigants may not recover attorney's fees under the FOIA, *Burka v. United States Dep't of Health and Human Services*, 142 F.3d 1286, 1288 (D.C. Cir. 1998), and plaintiff is not eligible to recover costs because he has not "substantially prevailed." 5 U.S.C. § 551(a)(4)(E)(i); *see Oil, Chemical and Atomic Workers International Union, AFL-CIO v. Department of Energy*, 288 F.3d 452, 456-57 (D.C. Cir. 2002). Therefore, the Court denies plaintiff's motion to amend on the ground of futility.

received. 5 U.S.C. § 552(a)(6)(A)(i) (requiring an agency to "determine within 20 days . . . after the receipt" of a request "whether to comply with such request" and to notify the requester accordingly). A proper request is one that "(i) reasonably describes such records [sought] and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." § 552(a)(3)(A).

## II. ANALYSIS

The DEA documents that a search of its computer files conducted on August 24, 2007, during the course of this litigation, failed to locate a FOIA request from plaintiff. Def.'s Mot., Declaration of Leila I. Wassom [Dkt. No. 9-3] ¶ 12. In addition, Ms. Wassom's inquiry to the Office of Information and Privacy ("OIP") on October 10, 2007, failed to locate an appeal by plaintiff of an adverse DEA determination. Id. ¶ 13.

Plaintiff has attached to his opposition [Dkt. No. 11] a FOIA request dated September 27, 2006, addressed to "The Registration Unit, Drug Enforcement Administration, Department of Justice, Post Office Box 28083, Central Station, Washington, DC 20005." Pl.'s Ex. A. But that address is not listed in the controlling DOJ regulation as one to which FOIA requests to DEA should be sent, see Wassom Decl. ¶¶ 6-7, and plaintiff has not otherwise provided proof that DEA received his request. He therefore has not created a genuine dispute about DEA's non-receipt of the FOIA request. Nor has plaintiff provided any basis for questioning Ms. Wassom's sworn statements about the search and her conclusions drawn therefrom.[2]

---

[2] Even if the request were located at DEA, plaintiff has not alleged that he exhausted his administrative remedies by appealing an adverse decision to OIP. He therefore would be precluded from judicial review at this time. See Hidalgo v. FBI, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) ("[A]s a jurisprudential doctrine, failure to exhaust precludes judicial review" if a merits determination would undermine the purpose of permitting an agency to review its FOIA determinations in the first instance).

In the absence of any evidence that plaintiff exhausted his administrative remedies by properly submitting a FOIA request to DEA, the Court concludes that defendant is entitled to judgment as a matter law.  A separate Order accompanies this Memorandum Opinion.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge
